

4/27/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICKY MONROE-RICKS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-00831 (UNA) |
| | ) |
| UNITED STATES ATTORNEYS FOR | ) |
| DISTRICT OF COLUMBIA | ) |
| AND CSOSA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff, Vicky Monroe-Ricks, brings this action on behalf of herself and her son, "Mr. Monroe," who is currently incarcerated at the Federal Correctional Institution located in Cumberland, Maryland ("FCI Cumberland"). *See* Compl., ECF No. 1, at 1–2. She has filed suit against the United States Attorneys for the District of Columbia, the United States Department of Justice, the District of Columbia Government and its Mayor, and the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). *Id.* at 2–3. She alleges that Mr. Monroe was arrested in the District of Columbia on January 13, 2021, based on a warrant issued by his probation officer "under the authority of CSOSA." *Id.* at 4. The specific alleged wrongful actions are unclear; the complaint mainly points to Ms. Monroe-Ricks's general discontent with her son's prior arrests and with the terms and requirements of his probation. *See id.* at 4–5. She broadly alleges that defendants have "overreached" their authority and continually and excessively harassed Mr. Monroe in pursuing

these criminal actions, thus violating his constitutional rights. *See id*. She demands $750,000 in damages. *Id.* at 5.

First, Ms. Monroe-Ricks has not complied with the requirement of the Local Rules of this court that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). She has failed to provide this information for some of the intended defendants, and most importantly, she fails to provide this required information for her son, who is only identified as "Mr. Monroe." This is insufficient.

Second, Ms. Monroe-Ricks has filed a joint IFP application on behalf of herself and her son, and has conflated both of their financial circumstances, which she may not do. As a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). This requirement includes the submission of separate and individually executed IFP applications. *See generally*, 28 U.S.C. §§ 1915, 1915A. While a custodial parent or legal guardian may, under specific circumstances, sue on behalf of their child as next friend, Mr. Monroe appears to be an adult; there is no indication that he is legally unable to file this suit on his own behalf and Ms. Monroe-Ricks has not otherwise established that she has the formal legal authority to file for him. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *King v. District of Columbia*, 878 F. Supp. 2d 8, 12 (D.D.C. 2012) (citation omitted).

Without properly detailed IFP applications, individually executed and filed by each plaintiff, the court lacks the information by which it may assess plaintiffs' respective financial statuses at this juncture. This is of particular importance for an incarcerated plaintiff like Mr. Monroe, as additional information is required for prisoners to be considered for IFP status. *See Asemani v. U.S. Citizenship & Immig. Srvs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). More specifically, federal law, effective April 9, 2006, requires a prisoner plaintiff in a civil action to pay a filing fee of $350.00. In order for the court to consider an application to proceed without prepayment of fees, a prisoner plaintiff must provide the court with a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which a plaintiff is or was confined. 28 U.S.C. § 1915(a)(2). Only after submission of this information can the court will determine a plaintiff's ability to proceed IFP. If the court determines that a plaintiff does not have sufficient funds to pay the filing fee at one time, the court will assess an initial partial filing fee. After payment of the initial partial filing fee, monthly payments of 20 percent of the deposits made to a plaintiff's trust fund account during the preceding month will be forwarded to the clerk of the court each time the account balance exceeds $10.00. Payments will continue until the filing fee is paid. *See id*. It also allows the court the ability to assess whether a prisoner plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Here, none of this mandatory financial information has been provided.

Even if Ms. Monroe-Ricks were proceeding solely for herself, the complaint falls short because she has failed to establish standing in this matter. "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is

an essential and unchanging part of the case-or-controversy requirement of Article III"). Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, and in the absence of any actual or threatened injury, no such case or controversy exists. *See* U.S. Const. Art. III, § 2. The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.' " *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)). Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff generally must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties. *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016).

Thus, the court will deny the joint IFP application and dismiss the complaint without prejudice. The court notes, however, that should either plaintiff determine to refile this litigation anew and in accordance with the parameters described above (or alternatively upon submission of the filing fee), there are yet additional deficiencies. For example, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, the alleged wrongful actions of these defendants are nebulous, at best. While it is clear that Ms. Monroe-Ricks believes that her son has

been maliciously prosecuted, *see, e.g.*, Compl. at 5, any substantive details relating thereto are absent from the complaint, as pled.  Furthermore, with the claims as presented, plaintiffs will likely face hurdles arising from the protections of the Eleventh Amendment, sovereign immunity, and the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 43–45 (1971).

    For all of these reasons, all of the IFP application is denied and this matter is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  April 27, 2021

/s/
TIMOTHY J. KELLY
United States District Judge